ANDREWS & *al. versus* THE UNION MUTUAL FIRE INS. CO.

The powers of a corporation are derived from the law and its charter.

And no *by-law* of the corporation can enlarge its corporate powers.

Where the charter of the company only authorized insurance against *fire*, a by-law referred to in the policy, recognizing *damages* by lightning as one of the risks assumed, imposes no obligation upon the company to pay for losses other than by *fire*.

ON REPORT from *Nisi Prius*, HOWARD, J., presiding. ASSUMPSIT.

The plaintiffs, as trustees of the Methodist Episcopal Church and Society in Biddeford, procured a policy of insurance on the " Alfred" street meetinghouse, of the defendants, in the sum of two thousand dollars. The concluding part of the policy was in these words. — " And we do therefore promise, according *to the provisions of said Act and the by-laws of the corporation,* to pay or satisfy the said L. & J. Andrews, their successors or assigns, the sum of two thousand dollars, within three months next after the said property shall be burnt, destroyed or demolished by fire, and due notice thereof given, &c."

The application for insurance was made a part of the policy, and objections were made to a recovery in this

action, on account of the suppression of facts material to the risk, as alleged by the defendants, but which, on account of the decision on other grounds, it is unnecessary to set forth.

The plaintiffs introduced evidence of their title, the policy and application, and the written account of their loss and notice to the defendants within the time limited in the policy. Also evidence of sundry assessments paid, and the premium.

The first section of the Act of incorporation " authorized the defendants to insure any description of property, real or personal, against loss or damage by fire, whether the same shall happen by accident, lightning or any other means, except by the insured." And the 11th section enacted, " that said company may make insurance for any term, not exceeding six years; and any policy of insurance issued by said company, signed by the president and countersigned by the secretary, shall be deemed valid and binding on said company in all cases where the assured has a title in fee simple, unincumbered, to the building, buildings and property insured, and to the land covered by said buildings; but if the assured have a less estate therein, or if the property or premises are incumbered, policies shall be void unless the true title of the assured and the incumbrances on the same be expressed therein."

Other provisions in the Act of incorporation had reference only to losses by fire.

In the 22d article of the by-laws, attached to the plaintiff's policy, is found these words, " the company will be liable for losses on property burned or *damaged by lightning.*"

During the continuance of this policy it appeared, that the meeting-house was struck by lightning, and greatly damaged thereby. By one witness it appeared, " the lightning did all the shattering; there was burning in places that charred the wood, so as to make a coal; the burning was not extensive; the burning alone would be merely nominal."

Andrews *v.* The Union Mutual Fire Insurance Company.

In the plaintiffs' declaration, setting forth their loss, they say, " that said meeting-house was accidentally, and by misfortune, struck by lightning and thereby greatly torn, split, and shattered in its timbers and material, and damaged to the amount of one thousand dollars."

The cause, after this evidence was out, was submitted to the full Court, to enter such judgment, by nonsuit or default, as the law and evidence might justify.

*Shepley* and *Hayes*, for the defendants.

*J. M. Goodwin,* for plaintiffs.

No question is here made as to the fact of the loss and the amount of the damage. These are clearly shown by the depositions in the case.

That damage or loss by lightning is one that is covered by this policy, I refer to *Babcock* v. *Montgomery County Mut. Ins. Co.* 6 Barb. 637, and *Kenniston* v. *Mer. County Mut. Ins. Co.* 14 N. H. 341.

Although in these actions the Court held the defendants not liable for damage done by lightning, unaccompanied with a burning, yet it is to be gathered from the decisions, that if the language employed in the policy in these cases, in respect of *injuries* from lightning, had been such as is employed in our policy, the defendants would have been held liable.

To the point that the loss need not be occasioned by actual burning or combustion directly, but by other agencies, whose motive power may be acted on by fire, or with which fire coöperates only, we cite *Hillier* v. *Alleghany County Mut. Ins. Co.* 3 Barr. 470 ; Angell on Fire and Life Ins. 151 ; *City Fire Ins. Co.* v. *Corlies,* 21 Wend. 367 ; *Pent* v. *Receivers, &c.* 3 Edw. (N. Y.) Chan. Rep. 341 ; *Waters* v. *Louisville Ins. Co.* 11 Peters, 213 ; *Grinn* v. *Phoenix Ins. Co.* 13 Johns. 457.

The defendants were authorized by their Act of incorporation to insure against damage by lightning. *Head* v. *Providence Ins. Co.* 2 Cranch, 127 ; Angell and Ames on Corp. (4th ed.) 253 ; *Fuller* v. *Boston Mut. Fire Ins. Co.* 4 Met. 206.

The defendants had power to establish the 22d by-law as a valid and binding one, as appears by sections 1 and 11, of the Act of incorporation.

SHEPLEY, C. J. — The plaintiffs, as trustees, procured from the company a policy of insurance on the Alfred street Methodist meeting-house in Biddeford, against loss by fire. If no loss has been proved within the risks assumed, it will not be necessary to consider the other objections made to a recovery, however fatal they may be. The contract by the policy is to pay the amount insured "within three months next after the said property shall be destroyed or demolished by fire, and due notice thereof given." There is no engagement to pay, if the property shall be destroyed or damaged in any other manner than by fire. No risk beyond that is assumed, unless the terms of the contract may be varied by a reference "to the provisions of said Act and the by-laws of the corporation."

By the first section of the Act, it is made "a body politic" "for the purpose of insuring any description of property, real or personal, against loss or damage by fire, whether the same shall happen by accident, lightning, or any other means," with certain exceptions not material in this case.

The account of losses required by the eighth section, are only "any loss or damage by fire." If the whole amount of the deposit notes should prove insufficient, a dividend can by the tenth section be made only to pay "losses occasioned by fire." The amount of premium notes are to be retained by the provisions of the fifteenth section, until the time for which insurance was made shall have expired, in case the property "insured by said company be destroyed by fire."

No power is by its charter granted to the company to insure property from loss or damage occasioned by any other element than fire. If a loss by fire happen by lightning, or any other cause not within the exception, it may be recoverable. There is no more authority given to insure against

loss or damage occasioned by lightning, than by any other element, unless that damage happen by fire.

The twenty-second by-law provides, " the company will be liable for losses on property burned or damaged by lightning." Whether this clause, when considered in connexion with the charter and other provisions of the by-laws, may be construed to mean, that it will be responsible for damage by fire happening from lightning, and thus be made to conform to the charter, it may not be important to inquire. For if it will not admit of such a construction, it cannot enlarge the power of the company and enable it to make contracts not authorized by law or its charter. The powers of a corporation are derived from the law. They cannot be enlarged by any act of the corporate body.

The loss, for recovery of which this action has been commenced, as stated in the declaration, is, " the said meeting-house was accidentally, and by misfortune, struck by lightning and thereby greatly torn, split, and shattered, in its timbers and material, and damaged to the amount of one thousand dollars."

The particular account of the property lost or damaged, presented by the plaintiffs on oath, as required by the fifteenth article of the by-laws, is in accordance with the allegations contained in the declaration. In neither is there any allegation of a loss by fire happening by lightning.

The proof of loss introduced, is of such a loss as is alleged. One witness states, " there was burning in places that charred the wood so as to make a coal; the burning was not extensive; the burning alone would be merely nominal." For such a merely nominal burning, the plaintiffs have very properly made no claim.

As their loss claimed was not covered by their policy, the action cannot be maintained.          *Plaintiffs nonsuit.*

HOWARD, RICE, HATHAWAY and CUTTING, J. J., concurred.